## McDearman's Ex'ors

*v.*

## Robertson.

*(Supreme Court of Appeals of Virginia, March, 1879.)*

[Virginia Law Journal, 1879, p. 175.]

**Guardians—Accounts—Bill by Ward to Surcharge and Falsify Commissioner's Report—Exceptions to—Case at Bar.***

James McDearman qualified as the guardian of John J. Robertson in 1852. He died in 1867, having settled several *ex parte* accounts from year to year, which had been returned to the county court and ordered to be recorded. Robertson, having arrived at his majority, filed his bill against A. A. North and Samuel D. McDearman, executors of said James McDearman, deceased, and the surety on the guardian's bond, in March, 1869, to surcharge and falsify several items of the *ex parte* accounts, and for a final settlement of the guardianship accounts. After two settlements under decrees of the court, the commissioner reported a balance due from the guardian to the ward as of the 1st of March, 1871, of $5,715.59. To this report the executors filed the following exceptions:

1st. "Because the receipts of each year are brought into the account in the year in which the rents and hires accrued, making the fund bear interest a year too soon, and seriously affecting the result of the scaling during the war.

2d. "Because the commissioner has not credited the guardian with $4,000, invested in 8·per cent. confederate bonds by and with the advice and direction of the county court."

3d. "Because the commissioner has disallowed certain payments made in 1863 and 1864 in currency, as allowed by a former commissioner in the settlements which had been returned to the county court, approved by it, and ordered to be recorded."

*See monographic note on "Judicial Sales" appended to Walker *v.* Page, 21 Gratt. 636 (Va. Rep. Anno.).

All three of these exceptions were overruled by the circuit court, the report of the commissioner was confirmed, a decree rendered for the balance found due by the commissioner, and for a sale of the real estate of the testator to pay the same. From this decree the executors appealed, relying for errors on the exceptions, as just stated, to the commissioner's report, and the further fact, that the decree for the sale was made by the court below, without giving the heirs and devisees of the decedent a day within which to pay the amount decreed as due by the estate: *held* by the supreme court of appeals:

### Same—Same—Same—Same—Same—Rents and Hires.

1. There is no error in the decree appealed from as to the first exception; the rents and hires were charged by the commissioner, as of the same dates they were entered in the *ex parte* accounts settled by the decedent in his lifetime.

### Same—Same—Same—Same—Same—Investments.

2. As to the second exception, ﹅there was no evidence that the investment was made of the funds of the ward or for him. The county court had no jurisdiction to authorize any such investment under the act of 1863, and its order was a nullity. And this was not a case in which an order of the circuit court authorizing such an investment would have protected the guardian. See Campbells *v.* Campbell's ex'or, 22d Gratt.; Crickard's ex'or *v.* Crickard, 25th Gratt.

### Same—Same—Same—Same—Same—Scaling.

3. As to the third exception, the commissioner was right in scaling the amounts paid by the guardian in confederate money in 1863 and 1864, from their nominal amounts to the actual value of the same in gold, as of the dates when they were severally made.

### Sale of Testator's Real Estate—Fiduciary Debt—Decree Need Not Provide Day to Redeem.

4. The cases in which the heirs and devisees, should have a day to pay the amount decreed against a testator's estate before a decree of sale is made of the real estate, are cases where the property is covered by a lien, such as a mortgage or deed of trust, or other security for a debt, which is not the case here. (Long, &c., *v.* Weller, 29th Gratt., and cases cited.) In this case, there was no lien of any kind, but it was a suit to subject the real estate of the decedent to pay a fiduciary debt, the personal estate being exhausted. In such cases, it was not

necessary to give the heirs and devisees a day to pay in the decree. See Judge Anderson's opinion in Crawford *v.* Weller, 23d Gratt.

From the circuit court of Appomattox county.

The facts and points decided sufficiently appear in the headnotes.

*John Howard*, for the appellants.

*Kirkpatrick & Blackford*, for the appellees.

CHRISTIAN, J., delivered the opinion of the court, in which the other judges concurred.

Decree affirmed.